UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

LONNIE WAYNE BAWGUS )
)
v. ) NO. 2:11-CV-368
) *Greer/Inman*
SCOTTIE ALLMAN and )
KEITH BOWERS )

# MEMORANDUM and ORDER

Acting *pro se*, Lonnie Wayne Bawgus, a prisoner in a United States Penitentiary in Lee County, Virginia, has filed this civil rights complaint for monetary relief under 42 U.S.C. § 1983, (Doc. 2). Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 220; Greeneville, TN 37743.

The Clerk is **DIRECTED** to mail copies of this Order to the trust fund officer and Warden at plaintiff's place of confinement, to ensure compliance with the fee-assessment procedures outlined above.

The complaint recites that plaintiff was convicted by a federal court jury on November 17, 2010, for possession of a firearm, sentenced on May 23, 2011, and is currently serving a 210-month term of confinement for that offense. The defendants are two police officers in Johnson City, Tennessee, who allegedly stopped the vehicle plaintiff was driving, searched it without probable cause, and found the weapon. Plaintiff claims that he was wrongfully convicted of the federal offense because the subject firearm belonged to Michelle St. Pierre, in whose vehicle the weapon was found, during the officers' warrantless search. Plaintiff seeks damages in the amount of $350,000.00 for lost time and wages, as well as for the emotional pain caused to him and his children as a result of defendants' claimed wrongful actions.

The Court must screen this prisoner's complaint pursuant to 28 U.S.C. § 1915A and § 1915(e) and must dismiss this case if it determines that it is frivolous or fails to state a claim for relief or if plaintiff seeks relief from defendants who enjoy immunity from the suit. In performing this procedure, the Court recognizes that *pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993), *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991).

It well-recognized law that, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been

2

questioned by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* rule also applies in the context of a federal conviction. *See id.* at 484 (noting that Heck's favorable-termination rule does not permit "a collateral attack on the conviction through the vehicle of a civil suit"). *See also Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (affirming application of *Heck* rule to bar § 1983 action involving a federal conviction); *Pandey v. Freedman*, 1995 WL 568490, *1 (1st Cir. Sept. 26, 1995) (same) (unpublished); *Dennis v. Costello*, 1999 WL 668120, * 1 (2d Cir. Aug. 19, 1999) (same) (unpublished); *Humphries v. Houghton,* 2011 WL 3627400, *2 (3d Cir. Aug. 18, 2011) (same) (unpublished); *Husband v. Rafferty*, 411 Fed.Appx. 622, * 622, 2011 WL 573560, *1 (4th Cir. Feb. 17, 2011) (same, *Bivens* action)[1] (unpublished); and *Whitehurst v. Beaumont Police Dept*., 1999 WL 683810, *2 (5th Cir. Aug. 4, 1999) (same, civil rights action) (unpublished).

In this case, plaintiff is challenging the search of the automobile and subsequent seizure of the weapon upon which was based his federal firearms conviction. Clearly, were plaintiff to obtain a favorable ruling on his claims against these defendants, this would necessarily imply the invalidity of his federal conviction and sentence. This dilemma is exactly what the *Heck* doctrine is designed to avoid.[2] *See Heck*, 512 U.S. at 486 (noting that the *Heck* holding upholds "the hoary principle that

---

[1] An action under *Bivens v. Six Unknown Against of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) allows a claimant to recover damages against federal agents or employees for constitutional violations and is considered to be a counterpart to a § 1983 suit. *See Butz v. Economou*, 438 U.S. 478, 503-04 (1978).

[2] Indeed, the search of the car and the subsequent seizure of the firearm were hotly disputed subjects in an evidentiary hearing, a report and recommendation by the magistrate judge, an order by the undersigned, see *United States v. Bawgus*, Criminal No. 2:09-cr-60 (E.D.Tenn. 2011), and, undoubtedly, will be offered as claims for relief in the Sixth Circuit, where plaintiff's appeal of his conviction and sentence is currently pending. *See United States v. Bawgus*, No. 11-5649, at the Web Site of the Sixth Circuit Court of Appeals, Docket Sheet, available at https://ecf.ca6.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSearch.jsp (last visited Jan. 13, 2012).

3

civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments").

As it now stands, unless plaintiff's conviction is reversed on direct appeal or otherwise called into question, he has not yet suffered a constitutional injury and the *Heck* doctrine bars his claims at this time.

An appropriate order of dismissal will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4